**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 25-1554

_____

UNITED STATES OF AMERICA

v.

ANTHONY WILLIAM CORISH,
                                        Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 1:10-cr-00316-001)
District Judge: Honorable Malachy E. Mannion

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
February 13, 2026


Before: CHAGARES, *Chief Judge*, SCIRICA, and McKEE, *Circuit Judges*

(Opinion filed:  March 23, 2026)

_____

OPINION[*]

_____



McKEE, *Circuit Judge*.




_____

[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Anthony Corish appeals the District Court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons set forth below, we will affirm the District Court's order.[1]

We review the District Court's denial of Corish's motion for compassionate release for abuse of discretion.[2] "Under the abuse-of-discretion standard, we will not disturb the court's determination unless we are left with a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached."[3] A compassionate release motion may be granted if a court determines "that the sentence reduction is (1) warranted by 'extraordinary and compelling reasons'; (2) 'consistent with applicable policy statements issued by the Sentencing Commission'; and (3) supported by the traditional sentencing factors under 18 U.S.C. § 3553(a), to the extent they are applicable."[4] The District Court did not abuse its discretion in concluding that neither extraordinary and compelling reasons nor the § 3553(a) factors warranted compassionate release.

In his motion, Corish argued that he was entitled to compassionate release under USSG § 1B1.13(b)[5] based on the following circumstances considered together or alone: (1) his father's need for physical and financial assistance; (2) his serious medical

---

[1] We have jurisdiction under 28 U.S.C. § 1291.
[2] *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021).
[3] *Id.* (citation modified).
[4] *Id.* at 258 (quoting 18 U.S.C. § 3582(c)(1)(A)).
[5] The United States Sentencing Commission's applicable policy statement regarding compassionate release, USSG § 1B1.13(b), provides a list of extraordinary and compelling reasons for a reduction in a term of imprisonment.

condition that resulted from an inmate attack a correctional officer allegedly encouraged; (3) his unusually long sentence; and (4) his rehabilitation. However, Corish acknowledged in his reply brief that his father is not incapacitated, he does not have a serious medical condition, and he may not have received an unusually long sentence. The District Court concluded that none of Corish's circumstances were extraordinary and compelling under USSG § 1B1.13(b)(1)(A)–(C), (b)(3)(C), (b)(6). In addition, the District Court held that the § 3553(a) factors—the need to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, and to afford adequate deterrence—weighed against a grant of compassionate release.

On appeal, Corish contends that the District Court erred by failing to consider whether extraordinary and compelling reasons existed for his release under USSG § 1B1.13(b)(4)(B) or (b)(5). Under USSG § 1B1.13(b)(4)(B), an extraordinary and compelling reason exists when a defendant during his term of custody was a victim of "physical abuse resulting in 'serious bodily injury,' . . . that was committed by, or at the direction of, a correctional officer."[6] Generally, to satisfy this provision, "the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding."[7] Corish is not eligible for a sentence reduction under USSG § 1B1.13(b)(4)(B) because he has not provided any proof that a correctional officer directed the inmate attack and was criminally convicted or found liable. Additionally, he is not eligible under USSG § 1B1.13(b)(5), a catch-all

---

[6] USSG § 1B1.13(b)(4)(B).
[7] *Id.*

provision which provides that extraordinary and compelling reasons exist in "any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons" enumerated by the policy statement "are similar in gravity" to those enumerated.[8] Corish concedes that he does not have a serious medical condition and his father is not incapacitated; he offers no other circumstances that in combination or alone are extraordinary and compelling.[9]

Even if Corish had established that an extraordinary and compelling reason exists for his release, we would still affirm the District Court's denial of his compassionate release motion because it did not abuse its discretion in holding that the § 3553(a) factors weigh against a sentence reduction. In 2010, Corish pled guilty in state court to involuntary deviate sexual intercourse with a child and other offenses relating to his sexual abuse of a child when she was between nine and twelve years old. Less than a year later, he pled guilty to the instant offense of possession of child pornography, which included videos and images of prepubescent minors. The District Court was within its discretion to determine that the need for the sentence imposed to reflect the seriousness of

---

[8] USSG § 1B1.13(b)(5).

[9] The catch-all provision involves consideration of circumstances enumerated "in paragraphs (1) through (4)" of USSG § 1B1.13(b). USSG § 1B1.13(b)(5). Accordingly, it does not encompass consideration of whether Corish's sentence was "unusually long" as defined in USSG § 1B1.13(b)(6). Regardless, USSG § 1B1.13(b)(6) is inapplicable because Corish has not established "a change in law . . . [that] would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion [wa]s filed." Corish conceded as much by acknowledging that he may not have received an unusually long sentence.

the offense, to promote respect for the law, to provide just punishment, and to afford adequate deterrence, weighed against Corish's release.

Accordingly, we will affirm the District Court's denial of Corish's motion for compassionate release.